Doretha Banks v. LoanCare, Inc., et al.                                                                    Case No.

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **Doretha Banks, and** | ) | |
| **Antoine Massie** | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No.** |
| | ) | |
| **LoanCare, LLC;** | ) | **Judge:** |
| **ServiceLink LLC;** | ) | |
| **ServiceLink Holdings, LLC;** | ) | **Magistrate Judge:** |
| **Black Knight Financial Services, Inc.:** | ) | |
| **Fidelity National Financial, Inc.; and** | ) | |
| **First Allegiance Property Services, Inc.** | ) | |
| **Defendants.** | ) | |

---

## COMPLAINT

---

NOW COMES the Plaintiffs Doretha Banks Massie ("Banks") and Antoine Massie (Massie), collectively referred to herein as "the Plaintiffs", by and through their attorneys of LOGIK Legal LLC, stating as follows:

<u>INTRODUCTION</u>

1.    This Complaint is commenced by the Plaintiffs for redress against the named Defendants.

2.    This Complaint is filed against the named Defendants for their breach of contract and fraud.

3.    The Plaintiffs seek damages for the Defendants violation of the Fair Housing Act (FHA).

4.    The Plaintiffs seek monetary damages for the Defendants breach of contract, fraud, violation of 42 U.S.C. § 3601*et.seq*, violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA), violation of 815 ILCS 505/2 *et. seq*, and Intentional Infliction of Emotional Distress.

Doretha Banks v. LoanCare, Inc., et al.                                          Case No.

## JURISDICTION

1.     This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy is greater than $75,000 and this action involves citizens of different states. This court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

2.     The Court has supplemental jurisdiction over the Plaintiffs state law claims pursuant to 28 U.S.C. § 1367.

3.     Venue is proper pursuant to 28 U.S.C. §§1332, 1391(b)(2), 1395(a), and 1408(l), where the real estate interest of Plaintiff is located at 5214 Swind Drive, Richton Park, Cook County, Illinois (the Property) is the subject of this proceeding and the Property is situated in this District. Venue lies in this District pursuant to the provisions of 28 U.S.C. § 1391(b) and 18 U.S.C. § 1965(a) in that Defendants have transacted business of a substantial and continuous character in this District, Defendants are subject to personal jurisdiction in this District, and a substantial part of the events or omissions giving rise to these claims occurred in this District. Additionally, the ends of justice require that Defendants be brought before the Court pursuant to 18 U.S.C. § 1965(b).

4.     This Court has jurisdiction over the named Defendants for the causes of action asserted herein arise from and is connected to the named Defendants transaction of business in this State.

## PARTIES

1.     The Plaintiffs, Banks and Massie, are natural persons and a married couple residing in the state of Illinois within this Court's jurisdiction.

2.     Defendant LoanCare, LLC (LoanCare) is a ServiceLink company and an Illinois foreign limited liability company whose corporate headquarters is located at 3637 Sentara Way,

Doretha Banks v. LoanCare, Inc., et al.                                    Case No.

Virginia Beach, Virginia 23452. LoanCare's Illinois registered agent is C T Corporation System located at 208 S. LaSalle Street, Suite 814, Chicago Illinois 60604.

3.      ServiceLink, formerly known as Black Knight Financial Services II, LLC, encompasses two Delaware entities: ServiceLink LLC and ServickLink Holdings LLC, which now operate as a subsidiary of Black Knight Financial Service, Inc.

4.      Defendant ServiceLink LLC corporate headquarters is located at 1400 Cherrington Parkway, Moon Township, Pennsylvania 15108.

5.      Defendant ServiceLink Holding LLC corporate headquarters is located at 601 Riverside Avenue, Building 5, Jacksonville, Florida 32204.

6.      Defendants ServiceLink LLC and ServiceLink Holding LLC are collectively referred to herein as ServiceLink.

7.      ServiceLink is a division of Fidelity National Financial, Inc.

8.      Defendant Black Knight Financial Service, Inc. (Black Knight), a Delaware corporation and formerly known as Lender Processing Services, Inc., corporate office is located at 601 Riverside Avenue, Jacksonville, Florida 32204.

9.      Black Knight is a holding company of Fidelity National Financial, Inc.

10.     Defendant Fidelity National Financial, Inc. (Fidelity), a Delaware corporation, is the parent company of Defendants ServiceLink and Black Knight. Fidelity's corporate office is located at 601 Riverside Avenue, Jacksonville, Florida 32204.

11.     Defendants Fidelity, Black Knight, ServiceLink, and LoanCare are collectively referred to herein as the LoanCare Defendants.

Doretha Banks v. LoanCare, Inc., et al.                                                      Case No.

12.     Defendant First Allegiance Property Services, Inc. (Allegiance) is a New Jersey corporation whose corporate office is located at 473 Broadway, 5th Floor, Bayonne, New Jersey 07002.

## FACTUAL ALLEGATIONS

1.      On February 18, 2009 Banks entered into a mortgage loan agreement with Hartford Financial Services Inc. related to the Property (the Loan).

2.      On March 8, 2011 GMAC Mortgage LLC commenced a foreclosure suit against Banks and the Property, alleging a default on the Loan.

3.      On February 29, 2017 Banks appeal from the foreclosure action was dismissed.

4.      In early April 2017 a black male representing LoanCare (Rep. 1) came to the Property to take photographs of the Property.

5.      At that time Rep. 1 informed Plaintiffs that he was working on behalf of LoanCare and that Plaintiffs should contact LoanCare regarding the Property. Rep. 1 provided Plaintiffs with a telephone number to contact LoanCare.

6.      Immediately thereafter, Banks telephoned LoanCare.

7.      Banks spoke with a female telephone representative named Gail. Gail informed Banks that Rescap Liquidation Trust now owned the Property and that LoanCare was the servicer of the Loan.

8.      Gail further informed Banks that she could modify the Loan. Gail transferred Banks to a LoanCare phone representative named Angelica in LoanCare's loss mitigation department.

9.      Angelica informed Banks that she may qualify for a loan modification and that Angelica would mail Banks a loss mitigation package.

Doretha Banks v. LoanCare, Inc., et al.                                                    Case No.

10.     Approximately a week later Banks received the loss mitigation package from LoanCare
        in the mail. The package was dated April 14, 2017 and required Banks return the package
        to LoanCare by May 14, 2017 for Banks to be considered for loss mitigation.

11.     Banks fully completed the package and timely returned the completed package to
        LoanCare in the postage pre-paid envelope LoanCare provided in the April 14, 2017 loss
        mitigation package.

12.     On May 15, 2017 LoanCare provided Banks with a correspondence acknowledging that
        LoanCare received Banks loss mitigation package. See Exhibit 'A' as attached herein.

13.     Shortly thereafter Banks received a telephone call from a female LoanCare agent who
        identified herself as an underwriter (Rep. 2). Rep. 2 informed Banks that Bank's was
        approved for loss mitigation through a loan modification and that her monthly mortgage
        payments would be a little over $1800 and that the payment included principal, interest,
        and an escrow for property insurance and property taxes.

14.     Rep 2 also explained that the new monthly mortgage payment would be greater than past
        payments because it included an additional amount added on the back end of the Loan.

15.     Rep 2 further informed Banks that she would receive the modification documents in the
        mail and that the first payment would be her acceptance of the modification. Rep 2
        strongly urged Banks that she should call LoanCare to make the first modification
        payment over the telephone to ensure LoanCare timely receives the first payment by July
        1, 2017 to solidify Banks' acceptance of the modification.

16.     On June 14, 2017 LoanCare provided Banks with an ***FHA Trial Plan Agreement*** (TPP)
        for a modification of the Loan (Agreement) which Banks received several days after June
        14, 2017. See Exhibit 'B' as attached herein.

Doretha Banks v. LoanCare, Inc., et al.                                              Case No.

17.     The Agreement created a valid and enforceable contract between Banks and LoanCare.

18.     The TPP was to lead to a permanent modification of the Loan. <u>Id</u>.

19.     Banks accepted the Agreement and returned her signed acceptance to LoanCare in the prepaid envelope provided by LoanCare. <u>Id</u>.

20.     Banks telephoned LoanCare on June 29 or June 30, 2017 and made the first payment over the telephone as Rep. 2 advised.

21.     Banks mailed in the second TPP payment to LoanCare.

22.     On August 3, 2017 LoanCare sent Banks a forced placed insurance notice. See Exhibit 'C' as attached herein.

23.     On August 10, 2017 the Plaintiffs were evicted from the Property by the Sheriff of Cook County (Sheriff). See Exhibit 'D' as attached herein.

24.     The Plaintiffs and their five children resided in the Property with the youngest children being two years of age (twins) and the oldest child 19 years of age.

25.     To evict the Plaintiffs from the Property, the Sheriff physically removed Massie from the Property and informed Massie that the Sheriff would not remove any items from the Property but instead had orders to lock Plaintiffs out of the Property.

26.     Sheriff provided Massie with a copy of the Sheriff's order to evict which was a year old. See Exhibit 'E' as attached herein.

27.     Massie complained to the Sheriff that the order he presented to Massie was a year old and outdated. Massie also informed Sheriff and showed Sheriff that since the time of the order the Agreement was secured.

Doretha Banks v. LoanCare, Inc., et al.                                                              Case No.

28.     Sheriff left the Property open and did not lock the Property. As such, Massie reentered the Property, believing he and his family still had rights and interest in the Property pursuant to the Agreement and considering at that time two TPP payments were made.

29.     Plaintiffs later made the third TPP payment.

30.     Several days later, on August 16, 2017, while Massie was in the Property asleep with the twins asleep next to him, two Richton Park police officers barged into the Property with their guns drawn, immensely terrifying Massie and the twins.

31.     Massie's vehicle was in the driveway of the Property, which is located at the front of the Property, at the relevant time.

32.     At that time the officers arrested Massie for trespassing and left the two-year-old twins by themselves.

33.     While Massie was being arrested, six people (3 black females and 3 black males) began removing the Plaintiffs' furnishings from the Property to the front yard of the Property and to the garage.

34.     The above mentioned six people were from Allegiance.

35.     Banks was alerted to the situation and was able to immediately bail Massie out of jail and return to the Property to gather their belongings.

36.     At that time the workers were removing furnishings from the Property while Banks and Massie immediately worked to secure their belongings which took a total of 8 hours as neighbors and passersby looked on, to the Plaintiffs immense insult and humiliation.

37.     The Allegiance workers trashed the Property, damaging and destroying Plaintiffs furnishings. See Exhibit 'F' as attached herein.

Doretha Banks v. LoanCare, Inc., et al.                                                    Case No.

38.     While packing their furnishings and belongings into a rental truck, Plaintiffs discovered
        $4600 from a dresser drawer was gone, most of their jewelry was gone which also
        included an expensive watch collection, and a total of four of their children's Apple iPad
        tablets were missing as well. See Exhibit 'G' as attached herein.

39.     During this time Massie was also harassed by the police officers in which officers tried to
        force Massie, who was no longer in police custody, to return to the police department to
        complete items and paperwork that the officers failed to do upon arrest and booking, such
        as fingerprinting.

40.     The officers made threatening remarks to Massie of how they could affect his wife and
        her employment with the United States Postal Service if Massie did not comply with their
        demands.

41.     To avoid further interactions with the police officers, bringing any harm to Banks, and
        considering the time pressures the Plaintiffs were under to gather their belongings from
        the Property, Massie was fingerprinted in front of the Property as neighbors and
        passersby looked on, to his humiliation.

42.     After Plaintiffs had finally relocated their belongings to storage and found shelter in a
        nearby hotel, Plaintiffs contacted LoanCare by telephone and were told by a female
        representative that LoanCare was not honoring the Agreement.

43.     On the following morning, August 17, 2017, Plaintiff Banks telephoned Allegiance and
        spoke to a female representative (Rep. 3) to report the theft of Plaintiffs items and
        demanded the return of their personal property.

44.     Rep. 3 informed Banks that Allegiance hired Maurice Johnson to evict the Plaintiffs from
        the Property.

Doretha Banks v. LoanCare, Inc., et al.                                              Case No.

45.     Rep. 3 informed Banks that Rep. 3 had no knowledge of the other people who evicted the Plaintiffs and their person property from the Property.

46.     Rep. 3 informed Banks that she did not know if she could help because Allegiance did not know the workers.

47.     After no progress was made and after Allegiance failed to contact Banks back regarding the Plaintiffs stolen personal property, Massie telephoned Allegiance.

48.     The Allegiance telephone representative (Rep. 4) informed Massie that he had to file a police report and hung up on Massie while he was talking.

49.     Plaintiffs and their children have been traumatized by these events.

50.     Since the occurrence with the police officer barging into the Property with guns drawn, no one in the Plaintiffs household sleeps well and everyone remains on edge; especially Plaintiffs twin son who awakens the Plaintiffs and other children every night now with his screaming during nightmares.

51.     Both twins are now terrified when they see the police, even a police car.

52.     The Plaintiffs suffer from mental stress and anxiety because of the incidents and events described herein.

53.     Massie suffers from both mental and physical stress and harm due to the incidents and events described herein which has also exacerbated Massie's condition from a prior spinal surgery and has caused him additional harm and physician expenses.

54.     The Plaintiffs have also suffered actual cost related to housing, storage, truck rental, loss of personal property, bail cost, lost wages, and damaged furnishings.

Doretha Banks v. LoanCare, Inc., et al.                                              Case No.

## CLAIMS

### COUNT I
### *Violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA)*
### *Against the LoanCare Defendants*

1.      The Plaintiffs re-state and incorporate the following sections herein: Introduction, Jurisdiction, Parties, and Factual Allegations.

2.      The Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) prohibit fraudulent, deception, misrepresentation, concealment, and suppression of any material fact during the conduct of trade or commerce. 810 ILCS 505/1-505/12.

3.      The ICFA is the Illinois Unfair and Deceptive Acts and Practices (UDAP) statute.

4.      Unfair or deceptive acts and practices, including but not limited to, deception, fraud, false pretense, false promise, and misrepresentation, of any material fact with the intent that others rely upon the deception of such material fact is unlawful regardless of whether any person has in fact been misled, deceived, or damaged thereby. Id.

5.      Banking and credit activities are included in the course of conduct of trade or commerce for purposes of the Illinois UDAP statute.

6.      The LoanCare Defendants violated 815 ILCS 505/2 by engaging in unfair acts and deceptive practices to mislead Plaintiffs to believe they were modifying the Loan, all while instead the Defendants were evicting Plaintiffs from the Property. Factual Allegations, ¶¶ 4 – 23 and 43 – 44.

7.      This caused substantial damage to the Plaintiffs through the loss of their home, loss of available credit, severe emotional distress of Plaintiffs and their children, physical stress and harm, additional living expenses, moving expenses, storage expenses, lost of

Doretha Banks v. LoanCare, Inc., et al.                                                    Case No.

personal property, lost wages, legal cost and expenses, and payments on the Agreement.
Id. at ¶¶ 19 – 21, 23, 29 – 30, 32 – 33, 35 – 42 and 49 – 54.

8.      The deceptive practices of misleading Plaintiffs to believe they were modifying the Loan
through the Agreement occurred during the course of trade or commerce, participating in
the administration and servicing of the Loan.

9.      The LoanCare Defendants misled the Plaintiffs to believe Plaintiffs would not lose the
Property and certainly would not be evicted from the Property if Banks entered into and
complied with the Agreement.

10.     The LoanCare Defendants further misled Banks to believe that her completion of the TPP
would lead to a permanent modification of the Loan. Ex. B.

11.     Here, neither occurred.

12.     Banks made all payments under the Agreement.

13.     Banks as a borrower, occupant and owner of the Property, and attempting to save her
home and protect her family had the right to rely upon the LoanCare Defendants
representations in the Agreement. See Factual Allegations, 4 – 18.

14.     The LoanCare Defendants are liable to the Plaintiffs for actual damages, punitive
damages, attorney fees, and litigation costs. 815 ILCS 505/10a.

15.     Plaintiffs and their children have been injured because they have been misplaced from
their home all while they reasonably believed they had saved their home and were
protected by the Agreement.

16.     Plaintiffs and their children have been injured because they suffered from homelessness
and incurred high cost to secure a hotel room as a habitat, as well as loss of personal
property, storage and moving expenses, bail cost, lost wages, and damaged furnishings.

Doretha Banks v. LoanCare, Inc., et al.                                                    Case No.

17.     Plaintiffs and their children have been injured because they have been publicly shamed and embarrassed in front of their neighbors during not only the eviction event but through the arrest and harassment of Massie.

18.     Plaintiffs and their children have been injured because Massie suffers more physical pain and the twins have been traumatized.

**WHEREFORE**, the Plaintiffs respectfully pray this Honorable Court award them actual damages, punitive damages, and reasonable attorney fees and cost of suit.

## COUNT II
### *Violation of the Duty of Good Faith and Fair Dealing*
*Against the LoanCare Defendants*

1.     The Plaintiffs re-state and incorporate the following sections herein: Introduction, Jurisdiction, Parties, and Factual Allegations.

2.     Defendants had a duty of good faith and fair dealing implied in every contract.

3.     Banks entered into the Agreement with LoanCare.

4.     Defendant LoanCare breached their duty by failing to provide a permanent modification of the Loan pursuant to the Agreement.

5.     Defendant LoanCare breached their duty by failing to continue with the Agreement.

6.     Defendant LoanCare breached their duty by evicting Plaintiffs and their children while the Agreement was active.

7.     Defendant LoanCare's action has caused the Plaintiffs and their children to be homeless, while Banks was abiding by the Agreement.

8.     Defendant LoanCare's breach of their duty of good faith and fair dealing was intentional, wanton and reckless.

Doretha Banks v. LoanCare, Inc., et al.                                                    Case No.

9.      Plaintiffs have been damaged as a proximate and direct result of the Defendants breach of

        their duty of good faith and fair dealing.

10.     Plaintiffs and their children have been damaged because they have been misplaced from

        their home all while they reasonably believed they were protected by the Agreement.

11.     Plaintiffs and their children have been damaged because they suffered from homelessness

        and incurred high cost to secure a hotel room as a habitat, as well as loss of personal

        property, storage and moving expenses, bail cost, lost wages, and damaged furnishings

12.     Plaintiffs and their children have been damaged because they have been publicly shamed

        and embarrassed in front of their neighbors during not only the eviction event but through

        the arrest and harassment of Massie.

13.     Plaintiffs and their children have been damaged because Massie suffers more physical

        pain and the twins have been traumatized.

**WHEREFORE**, the Plaintiffs respectfully pray this Honorable Court award them actual

damages, punitive damages, and reasonable attorney fees and cost of suit.


                                            **COUNT III**
                                    ***Common Law Fraud***
                                  *Against the LoanCare Defendants*

1.      The Plaintiffs re-state and incorporate the following sections herein: Introduction,

        Jurisdiction, Parties, and Factual Allegations.

2.      Defendants committed common law fraud by offering Banks' the TPP and entering into

        the Agreement yet failing to abide by the Agreement.

3.      The representations in the Agreement now prove to be false statements and

        misrepresentations by LoanCare.

Doretha Banks v. LoanCare, Inc., et al.                                            Case No.

4.      Defendant LoanCare intentionally deceived Banks to believe that by accepting the TPP and entering into the Agreement, the Plaintiffs would retain the Property.

5.      Instead Plaintiffs were forcefully evicted from the Property.

6.      Defendant LoanCare knew of its duty when it offered the TPP to Banks.

7.      Banks, as a borrower and consumer, had the right to rely upon LoanCare's representations and commitments in the Agreement.

8.      Banks had no means of discovering LoanCare's deceptive and unfair practices prior to entering into the Agreement.

9.      Instead Banks entered into the Agreement to her detriment and to the detriment of her family.

10.     LoanCare's false representations provided for in the TPP and the Agreement were made to induce Banks into the Agreement knowing Banks wanted to retain her interest and rights in the Property and knowing Banks wanted to prevent her family from facing eviction from the Property.

11.     The Plaintiffs have been harmed thereby by entering into the Agreement, making payments directly to Defendant LoanCare under the auspices that the parties would act according to the Agreement. Instead, Plaintiffs and their children were evicted, have incurred additional living expenses, arrest, and physical and emotional distress.

12.     Such actions amount to consumer fraud.

13.     The Defendants are thereby liable to the Plaintiffs for actual damages, punitive damages, and equitable relief.

Doretha Banks v. LoanCare, Inc., et al.                                      Case No.

14.    Plaintiffs and their children have been injured because they have been misplaced from
       their home all while they reasonably believed they had saved their home from
       foreclosure.

15.    Plaintiffs and their children have been injured because they suffered from homelessness
       and incurred high cost to secure a hotel room as a habitat, as well as loss of personal
       property, storage and moving expenses, bail cost, lost wages, and damaged furnishings.

16.    Plaintiffs and their children have been injured because they have been publicly shamed
       and embarrassed in front of their neighbors during not only the eviction event but through
       the arrest and harassment of Massie.

17.    Plaintiffs and their children have been injured because Massie suffers more physical pain
       and the twins have been traumatized.

**WHEREFORE**, the Plaintiffs respectfully pray that this Honorable Court award them actual
damages, punitive damage, and equitable relief pursuant to Plaintiff's common law fraud, as
well as litigation costs and attorney fees.

### COUNT IV
### *Racial Discrimination – Violation of the Fair Housing Act*
*Against the LoanCare Defendants*

1.     The Plaintiffs re-state and incorporate the following sections herein: Introduction,
       Jurisdiction, Parties, and Factual Allegations.

2.     The Fair Housing Act ("the Act" and "FHA") prohibits discrimination of members of a
       protected class in the making of credit for residential real estate purchases. 42 U.S.C. §
       3605(a).

3.     Protected classes include race, color, religion, sex, national origin, age, and public
       assistance income. Id.

Doretha Banks v. LoanCare, Inc., et al.                                                      Case No.

4.      Plaintiffs are Black Americans and are in a protected class under the Act.

5.      Plaintiff Banks is a woman and is in a protected class under the Act.

6.      Plaintiffs reside in Richton Park Illinois which is over 80% Black American.

7.      The Property is located in Richton Park Illinois.

8.      Plaintiffs entered and abided by the TPP proffered to Plaintiff Banks by LoanCare.

9.      Though Banks abided by the TPP, with malice Plaintiffs and their children were evicted

        from the Property. See Factual Allegations.

10.     Plaintiffs have been treated unfairly due to their racial class and Banks gender and treated

        harshly different then similarly situated white borrowers in areas and communities that

        are predominantly white, with loan modification agreements with LoanCare and its

        affiliates.

11.     Plaintiffs are aggrieved persons by virtue of having been subject to this disparate

        treatment due to their race and Banks' gender.

12.     Plaintiffs and their children have been injured because they have been misplaced from

        their home, while protected by the Agreement, due to their race and Banks' gender.

13.     Plaintiffs and their children have been injured because they suffered from homelessness

        and incurred high cost to secure a hotel room as a habitat, as well as loss of personal

        property, storage and moving expenses, bail cost, lost wages, and damaged furnishings,

        due to an eviction all due to their race and Banks' gender.

14.     Plaintiffs and their children have been injured because they have been publicly shamed

        and embarrassed in front of their neighbors during not only the eviction event but through

        the arrest and harassment of Massie, all due to their race and Banks' gender.

Doretha Banks v. LoanCare, Inc., et al.                                                      Case No.

15.     Plaintiffs and their children have been injured because Massie suffers more physical pain

        and the twins have been traumatized.

16.     Pursuant to the actions described throughout this Complaint, the Defendants have

        discriminated against Banks and her family because of the Plaintiffs' race in the making

        of and completion of the TPP.

**WHEREFORE**, the Plaintiffs respectfully pray this Honorable Court award them actual

damages, compensatory damages, punitive damages, and reasonable attorney fees and cost of

suit for the

## COUNT V
### *Specific Performance*
*Against the LoanCare Defendants*

1.      The Plaintiffs re-state and incorporate the following sections herein: Introduction,

        Jurisdiction, Parties, and Factual Allegations.

2.      The TPP is valid, binding, and enforceable agreement.

3.      LoanCare had complete control in extending and entering the TPP with Banks.

4.      The TPP could only be breached by Banks or by LoanCare.

5.      Banks made all the required payments under the TPP and is prepared to fully perform for

        the TPP to convert to a permanent modification of the Loan.

6.      Defendant LoanCare refused to perform it part under the TPP.

7.      Though Banks complied with the TPP, the Plaintiffs and their children were harassed,

        humiliated and embarrassingly evicted from the Property, in which Massie was even

        briefly imprisoned, while the TPP was in full force.

8.      Considering it was within LoanCare's sole unilateral control to breach the TPP,

        LoanCare breached the TPP with malice, with complete disregard to the Plaintiffs and

Doretha Banks v. LoanCare, Inc., et al.                                    Case No.

their children, and with complete disregard to the detrimental position the breach would

place upon Plaintiffs.

9.      LoanCare completing the TPP and providing a permanent modification of the Loan to

Banks will not make the Plaintiffs whole.

10.     Banks has no other adequate remedy at law to enforce the TPP and return to her home,

the Property.

**WHEREFORE**, the Plaintiffs respectfully pray this Honorable Court award them the following:

A.  Enter judgment in favor of Plaintiffs, directing the LoanCare Defendants to

specifically perform the TPP and permanently modify the Loan.

B.  Enter a temporary restraining order and preliminary injunction enjoining any

transfer of the Property to anyone other than Banks.

C.  Award Banks attorney fees and cost of suit, as well as any other relief this Court

deems meet and just.

## COUNT VI
### *Intentional Infliction of Emotional Distress*
*Against the LoanCare Defendants*

1.      The Plaintiffs re-state and incorporate the following sections herein: Introduction,

Jurisdiction, Parties, and Factual Allegations.

2.      The Defendants conduct as detailed herein was with malice and with total disregard to

foreseeable harm an eviction would cause to Plaintiffs and their children. See Factual

Allegations.

3.      The LoanCare Defendants conduct was willful and knowing, reckless, extreme and

outrageous.

Doretha Banks v. LoanCare, Inc., et al.                                    Case No.

4.      As a result of the LoanCare Defendants conduct, the Plaintiffs and their children have

        endured severe emotional distress, resulting in immense stress, significant deterioration

        of health, anxiety, and the loss of their home which has been detrimental.

5.      As a direct and proximate result of the Defendants willful and wanton conduct, the

        Plaintiffs have suffered medical expenses, emotional distress, incarceration, humiliation,

        and monetary losses.

**WHEREFORE**, the Plaintiffs respectfully pray this Honorable Court award them actual

damages, punitive damages, and attorneys' fees and cost of suit.

### COUNT VII
### *Intentional Tort - Conversion*
*Against Defendant Allegiance and LoanCare*

1.      The Plaintiffs re-state and incorporate the following sections herein: Introduction,

        Jurisdiction, Parties, and Factual Allegations.

2.      Defendant Allegiance wrongfully misappropriated the Plaintiffs assets for their own

        benefit.

3.      Allegiance wrongfully took control and dominion over Plaintiffs personal property

        including: four iPad tablets, watch collection, jewelry and cash.

4.      Plaintiffs watch collection were Movado watches and Rolex watches.

5.      The Rolex watches were a momentous wedding gift to the Plaintiffs which has a value of

        $10,000 as well as a personal momentous value of over $50,000.

6.      The Movado watches and jewelry were purchased by the Plaintiffs for over $3500.

7.      Plaintiffs iPad tablets and the tablet cases were valued at $1500 with a replacement cost

        over $2600.

Doretha Banks v. LoanCare, Inc., et al.                                                    Case No.

8.     The $4600 in cash stolen from the Plaintiffs, adjusted for inflation is now valued at $4738.

9.     As a direct and proximate result of Allegiance's actions, the Plaintiffs and their children have been deprived of their property rights.

10.    Plaintiffs have suffered $10,838 amount in actual damages due to the loss of their personal assets due to Allegiance's conversion of Plaintiffs personal property.

11.    The aforementioned acts of Allegiance were willful, wanton, malicious, and oppressive and were taken with the sole intent of depriving Plaintiffs of their property for Allegiance's benefit and justify awarding Plaintiffs exemplary and punitive damages.

12.    Allegiance stole from Plaintiffs when Plaintiffs were most vulnerable.

13.    Allegiance was working on behalf of the LoanCare Defendants.

14.    Plaintiffs demanded the return of their personal property or compensation thereof.

15.    To date, LoanCare has neither returned the Plaintiffs personal property nor compensated the Plaintiffs for the conversion of their personal property.

16.    Plaintiffs seek actual and punitive damages.

**WHEREFORE**, the Plaintiffs respectfully pray this Honorable Court award them actual damages, punitive damages, and reasonable attorney fees and cost of suit for Defendants LoanCare and Allegiance's theft and conversion of the Plaintiffs personal property.

## COUNT VII
### *Intentional Tort - Breach of Contract*
*Against the LoanCare Defendants*

1.     The Plaintiffs re-state and incorporate the following sections herein: Introduction, Jurisdiction, Parties, and Factual Allegations.

2.     The TPP is valid, binding, and enforceable agreement.

Doretha Banks v. LoanCare, Inc., et al.                                              Case No.

3.      Banks made all the required payments under the TPP.

4.      Defendant LoanCare refused to perform its part under the TPP.

5.      The LoanCare Defendants are liable for breach of the TPP and failure to convert the TPP

        to a permanent modification.

6.      LoanCare's breach was with malice, willful and wanton.

**WHEREFORE**, the Plaintiffs respectfully pray this Honorable Court award them actual

damages, punitive damages, and reasonable attorney fees and cost of suit for LoanCare's breach

of the TPP.

## COUNT VIII
### *Procedural and Substantive Unconscionability*
#### *Against the LoanCare Defendants*

2.      The Plaintiffs re-state and incorporate the following sections herein: Introduction,

        Jurisdiction, Parties, and Factual Allegations.

3.      Unconscionability in Illinois derives from common law, the Code of Civil Procedure

        (CCP), and the Illinois Commercial Code (ICC). 810 ILCS § 5/2-302 and 810 ILCS §

        5/2A-108.

4.      Here, as previously stated herein, Banks and LoanCare entered the TPP which would lead

        to a permanent modification of the Loan. Though Banks made the required TPP

        payments, LoanCare evicted the Plaintiffs and their children from the Property and

        breached the TPP, even before the final TPP payment was due. See Factual Allegations.

5.      The TPP was prepared by LoanCare and offered to Banks in which Banks had absolutely

        no control over the terms of the TPP.

6.      The LoanCare Defendants are experienced financial business entities and servicers of

        residential mortgage loans, including the Loan.

Doretha Banks v. LoanCare, Inc., et al.                                    Case No.

7.      Banks is a regular Illinois consumer without a background in real estate, finance, mortgages, or loan modification processes.

8.      There is a major disparity in the bargaining power between Banks and the LoanCare Defendants for 1) Banks was under extreme stress for she faced the loss of her home and all monies invested in the Property and the Loan while the LoanCare Defendants had the power to evict the Plaintiffs from the Property; 2) Banks has limited knowledge in consumer and real estate finance; 3) Banks has limited knowledge and expertise in the mortgage industry while the LoanCare Defendants are involved in the mortgage loan and loan servicing industry on a daily basis; 4) the LoanCare Defendants not only found Banks eligible for a modification of the Loan but LoanCare offered and entered into the TPP with Banks, the terms of which were solely in control by the LoanCare Defendants; and 5) Banks lacked any other meaningful option to resolve the loan dispute for Banks acted accordingly to her detriment while LoanCare Defendants breached the TPP.

9.      Though Banks acted accordingly and made payments pursuant to the TPP, the LoanCare Defendants acceptance of TPP payments and breach of the TPP were solely in the hands and control of LoanCare. Id.

10.     Banks was provided with the TPP under the auspices and deceptive acts of the LoanCare Defendants, that is their deception and malice of evicting the Plaintiffs and their children from the Property while the TPP was active. Id.

11.     The LoanCare Defendants created the TPP and Banks accepted the TPP. Id.

12.     Banks acted accordingly and made TPP payments. Id.

13.     The LoanCare Defendants actions are procedurally unconscionable because 1) there is a significant disparity in bargaining power between the parties to the detriment of Banks;

Doretha Banks v. LoanCare, Inc., et al.                                                    Case No.

2) Banks lacks the knowledge and expertise in the mortgage industry; 3) Banks is not a sophisticated consumer in the mortgage industry; 4) there is a lack of meaningful choices for Banks to resolve this dispute with the LoanCare Defendants in which LoanCare failed to act fairly and in good faith but rather proceeded with malice and deception by entering into the TPP, evicting Plaintiffs from the Property, and breaching the TPP; and 5) Banks has been unfairly harmed and surprised by the LoanCare Defendants' actions for Banks was intentionally misled and deceived to believe the TPP was in full force. Id.

14.     Plaintiff's actions are substantively unconscionable because the terms of the TPP were unreasonable, unacceptable, unfairly harsh, and one-sided considering the LoanCare Defendants have been allowed to ignore the TPP. Id.

15.     Although 810 ILCS 5/2-302 does not grant monetary or punitive damages for unconscionability, monetary relief is available in the form of restitution, an equitable remedyor under other available causes of action.

**WHEREFORE**, the Plaintiffs requests this Court find the LoanCare Defendants actions unconscionable and aware Plaintiffs damages.

                                       Respectfully submitted,


                                       _____/s/Sabrina Herrell_____

                                       Sabrina Herrell
                                       LOGIK Legal LLC
                                       Attorneys for Plaintiffs
                                       Phone: 773.568.5620
                                       Fax:    888.785.6445
                                       Email:  legalservices@logiklegal.org
                                       Atty No.:  6277650